**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph Samuel REGISTE,
Defendant-Appellant.**

No. 84–3097.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 1985.

Decided July 16, 1985.

Michael R. Spaan, U.S. Atty., James L. Swartz, Stephen Cooper, Asst. U.S. Attys., Anchorage, Alaska, for plaintiff-appellee.

Joseph Evans, Birch, Horton, Bittner, Pestiner & Anderson, Anchorage, Alaska, for defendant-appellant.

Before WRIGHT, KENNEDY, and ANDERSON, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant, Joseph Samuel Registe, was indicted and convicted for entry of a bank with intent to commit larceny, a violation of 18 U.S.C. § 2113(a). On appeal he contends that the theft proven at trial was not a larceny as the term is used in the statute. We rule, however, that Registe's offense, larceny by false pretenses, was included by Congress in the definition of larceny in section 2113(b), and is proscribed by section 2113(a); under which Registe was charged. Accordingly, we affirm.

Registe opened a checking account at the Spenard Branch of the National Bank of Alaska, with a deposit of $100.00. One day later someone within the branch posted the amount of $14,000.00 to Registe's account by computer manipulation, though the bank had received no funds to justify the deposit. Registe attempted to cash a check for $9,980.00 on his new account but was told that the bank would approve a check for the amount of $5,000.00 only. He immediately cashed a check for that sum, though at no time was there more than $100.00 in his account.

The indictment, drawn in reliance on paragraph 2 of 18 U.S.C. § 2113(a), charged that Registe "did enter the National Bank of Alaska ... with the intent to commit in such bank the offense of a larceny." Paragraph 2 of 18 U.S.C. § 2113(a) provides:

> *Whoever enters* or attempts to enter *any bank*, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, *with intent to commit in such bank*, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or *any larceny* —
>
> Shall be fined not more than $5,000.00 or imprisoned not more than twenty years, or both.

(Emphasis added).

Two analytic steps are required to sustain the indictment under section 2113(a) where, as here, the crime is in essence one of entering a bank for the purpose of committing larceny by false pretenses. *See Bell v. United States*, 462 U.S. 356, 360, 103 S.Ct. 2398, 2401, 76 L.Ed.2d 638 (1983). The first is to conclude that larceny by false pretenses is indeed punishable by federal law, and we find that it is so punishable, pursuant to section 2113(b). *Id.* The second is to conclude that section 2113(a), in prohibiting entry of a bank to commit larceny, is intended to include larceny as statutorily defined by Congress in section 2113(b), rather than to cover only larceny

as defined at common law. We resolve this step of the analysis in the affirmative as well.

Whether section 2113(b) prohibits larceny by false pretenses was once a question of such dimension that the circuits were divided on the point; ours and the Sixth said larceny by false pretenses was not covered, the Fifth said it was. *Compare United States v. Feroni,* 655 F.2d 707, 708–11 (6th Cir.1981), *and LeMasters v. United States,* 378 F.2d 262, 267–68 (9th Cir.1967), *with United States v. Bell,* 678 F.2d 547, 548–49 (5th Cir.1982) (en banc), *aff'd,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). The Supreme Court has now settled the question, ruling that larceny by false pretenses is included in the proscription of section 2113(b). *Bell,* 462 U.S. at 361, 103 S.Ct. at 2401. Our *LeMasters* case is no longer controlling or correct, nor is *Bennett v. United States,* 399 F.2d 740, 742 (9th Cir. 1968), which relied upon it.

The second question, whether larceny by false pretenses is included also within the larceny proscribed by section 2113(a), has not been ruled upon by the Supreme Court, but we have little difficulty in concluding that the term used in section 2113(a) goes beyond the common law definition and includes larceny by false pretenses. Congress would not have intended that larceny under section 2113(a) have a narrower scope than that of section 2113(b), which prohibits larceny by false pretenses, especially since both statutes are directed to the same purpose, protecting banks and other covered financial institutions.

Our holding is reinforced by *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). The actual holding of *Jerome,* that entry of a bank to commit an offense that is a felony under state law is not conduct covered by what is now section 2113(a), is not relevant to our analysis here. *See Bell,* 462 U.S. at 362 n. 4, 103 S.Ct. at 2402 n. 4 (limiting the holding of *Jerome* to this effect). However, the Supreme Court's discussion of the legislative history of what is now 18 U.S.C. §§ 2113(a) and (b) indicates that the word larceny in section

2113(a) refers to the criminal acts proscribed by section 2113(b). 318 U.S. at 103–04 & n. 4, 63 S.Ct. at 485 & n. 4.

It would seem there are alternate strategies under which the government might have proceeded in this case. For instance, under section 2113(a), Registe could have been charged with entering a bank to commit "any felony." Or, even more simply, the government might have indicted Registe directly under section 2113(b), thus eliminating the problem of incorporation by reference. We need not speculate on alternative approaches, however. The indictment as drawn charged a crime under the federal statute, and the evidence was sufficient to support the conviction.

AFFIRMED.